UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ALEXANDER SCHRODER PALOMAREZ,<br><br>Petitioner,<br><br>vs.<br><br>DARIN YOUNG, Warden, and<br>MARTY JACKLEY, Attorney General of<br>the State of South Dakota,<br><br>Respondents. | CIV. 15-5007-JLV<br><br><br>ORDER |

This case is closed. See Dockets 60, 76 & 81. After the case was closed, the court denied Mr. Palomarez's motion to correct a clerical error; his second motion to correct a clerical error and a motion for relief pursuant to Fed. R. Civ. P. 60(a), (b)(1) and (b)(2); a second motion pursuant to Rule 60(b); and a motion to withdraw his plea of guilty. (Docket 91) (referencing Dockets 82, 88, 89 & 90). Now, Mr. Palomarez files a "Martinez v. Ryan[1] Motion 'cause for default,' no counsel in state habeas proceedings." (Docket 93) (underlining added). Mr. Palomarez asserts that "[u]nder Martinez, to excuse state procedural default, the statement that 'there was no counsel' in Palomarez's state post-conviction case is sufficient to establish good cause." Id. at p. 1 (referencing Martinez, 566 U.S. at 17).

The Martinez Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the

---

[1]566 U.S. 1 (2012).

> initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Martinez, 566 U.S. at 17.  The Court pointed out "[t]he holding in this case does not concern attorney errors [or *pro se* petitioner errors] in other kinds of proceedings, including appeals from initial-review collateral proceedings."  Id. at 16.  "While counsel's errors [or *pro se* petitioner's errors] in these proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, [such as] . . . the trial court in an initial-review collateral proceeding."  Id. at 11.

The United States Court of Appeals for the Eighth Circuit held "it is clear that the Martinez exception applies only if the procedural default occurs during the *initial-review* of the ineffective assistance claim."  Franklin v. Hawley, 879 F.3d 307, 313 (8th Cir. 2018) (italics in original) (referencing Martinez, 566 U.S. at 16).  The court in Franklin found Martinez to be inapposite to the facts before the Eighth Circuit because "[t]he default . . . occurred during the appeal from the initial-review proceeding rather than during the [state court habeas] proceeding itself."  Id.

Mr. Palomarez had his day in court before the state habeas court judge. See Docket 10-5.  There was no judicial determination that Mr. Palomarez endured a procedural default during that examination of his state habeas claim by the state court judge.  Id.  Procedural default occurred when Mr. Palomarez failed to timely file his request seeking a certificate of appealability from the

South Dakota Supreme Court. (Docket 60 at p. 7). The court adopted the magistrate judge's finding that "the legal aid lawyer who assisted Mr. Palomarez gave him 'accurate advice.'" Id. (citing Docket 22 at p. 15). "The legal aid lawyer never advised Mr. Palomarez to wait more than 20 days before filing his motion with the supreme court." Id. (citing Docket 22 at p. 15). Mr. Palomarez's objections to the magistrate judge's report and recommend did "not challenge this finding." Id. (referencing Dockets 23-28).

Mr. Palomarez's current motion ignores the second part of the cause and effect analysis. Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

The court previously concluded Mr. Palomarez could not satisfy the actual prejudice part of the Coleman test. See Docket 60 at pp. 9-10. "Mr. Palomarez pled guilty to first degree rape occurring on June 1, 2013, in violation of SDCL § 22-22-1(1).[2]" Id. at p. 12 (referencing Docket 1-9 at p. 40). "When confronted

---

[2]"Rape is an act of sexual penetration accomplished with any person under any of the following circumstances . . . [i]f the victim is less than thirteen years of age . . . ." SDCL § 22-22-1(1). "Sexual penetration means an act, however slight, of . . . cunnilingus . . . ." SDCL § 22-22-2.

by law enforcement, Mr. Palomarez admitted he performed oral sex on the child[.]" Id. (referencing Docket 1-9 at p. 14).  Important to this analysis was "Mr. Palomarez's guilty plea." Id. at p. 13.  The colloquy between the state court sentence judge, Mr. Palomarez and his attorney unequivocally provide a factual basis for Mr. Palomarez's guilty plea.  See id. at pp. 13-14.  It is clear from that colloquy Mr. Palomarex "took full responsibility for his unlawful conduct." Id. at p. 14.  His "guilty plea was not a false declaration of guilt." Id.

The rule of Coleman governs this case.  Mr. Palomarez's "default . . . occurred during the appeal from the initial-review proceeding rather than during the [state court habeas] proceeding itself." Franklin, 879 F.3d at 313.

Mr. Palomarez has continuously sought to circumvent the rules governing petitions brought under 28 U.S.C. § 2254.  See Palomarez v. Young, CIV. 17-5070 (D.S.D. 2017); Palomarez v. Young, CIV. 18-5017 (D.S.D. 2018); Palomarez v. Young, CIV. 18-5038 (D.S.D. 2018); Palomarez v. Young, CIV. 18-5046 (D.S.D. 2018); Palomarez v. Young, CIV. 19-5081 (D.S.D. 2019).  "In the most recent § 2254 case, the United States Court of Appeals for the Eighth Circuit denied Mr. Palomarez's 'petition for authorization to file a successive habeas application in the district court[.]' " Palomarez, CIV. 19-5081, Docket 8 at p. 3 (referencing Palomarez CIV. 18-5046, Docket 19).  This case and all the more recent cases brought by Mr. Palomarez are closed.

Under Fed. R. Civ. P. 1, the court is directed to use the Federal Rules of Civil Procedure in an effective manner "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Mr. Palomarez's

continued abuse of the habeas process exacerbates the court's already heavy caseload.

Before Mr. Palomarez is permitted to file any further pleadings or documents in this case or any of the above-identified closed cases and before he is authorized to file a second or successive § 2254 petition, he must move in the United States Court of Appeals for the Eighth Circuit "for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A copy of the Eighth Circuit order must be attached to and accompany any filing intended for one of the above-identified closed cases or a second or successive § 2254 petition filed by Mr. Palomarez in the district court.  If Mr. Palomarez does not attach a copy of the Eighth Circuit order authorizing the district court to consider his application, the Clerk of Court shall open a new case, immediately close the case and return all documentation to Mr. Palomarez together with a copy of this order.

Accordingly, it is

ORDERED that Mr. Palomarez's motion (Docket 93) is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.  Although the court declines to issue a certificate of appealability, Mr. Palomarez may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

IT IS FURTHER ORDERED that if Mr. Palomarez does not attach a copy of the Eighth Circuit order pursuant to 28 U.S.C. § 2244(b)(3)(A) authorizing the district court to consider any filing intended for this case, <u>Palomarez v. Young</u>, CIV. 17-5070 (D.S.D. 2017), <u>Palomarez v. Young</u>, CIV. 18-5017 (D.S.D. 2018), <u>Palomarez v. Young</u>, CIV. 18-5038 (D.S.D. 2018), <u>Palomarez v. Young</u>, CIV. 18-5046 (D.S.D. 2018), <u>Palomarez v. Young</u>, CIV. 19-5081 (D.S.D. 2019) or any second or successive § 2254 application the Clerk of Court shall open a new case, immediately close the case and return all documentation to Mr. Palomarez together with a copy of this order.

Dated May 19, 2020.

<div style="margin-left: 40%;">
BY THE COURT:

/s/ *Jeffrey L. Viken*  
JEFFREY L. VIKEN  
UNITED STATES DISTRICT JUDGE
</div>